**STATE OF MONTANA,**
  **Plaintiff,**                                    **NO. DC-88-8435**
vs.                                                 **Decision**
**SCOTT L. KIMBALL,**
  **Defendant.**

On April 18, 2000, the defendant was sentenced to ten (10) years in the Montana State Prison.

On November 2, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Alice Kennedy. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended to a ten (10) year commitment to the Department of Corrections, with five (5) years suspended.

Defendant is subject to the following conditions with respect to parole or probation:

1)    That the defendant shall be under the supervision of the Department of Corrections of the State of Montana and shall obey all rules of probation;

2)    That the defendant shall pay a supervision fee, to be set by the Department;

3)    That the defendant shall pay the statutory surcharge fee;

4)    That the defendant shall pay the Court Information Technology Fund fee in the amount of $5.00;

5) That the defendant shall complete not less than fifty (50) hours of community service work and provide proof of completion of that work to his Probation Officer;

6) That the defendant make all payments to the Clerk of District Court of Missoula County;

7) That the defendant shall obtain a mental health evaluation and follow any treatment plan recommended, at his own expense;

8) That the defendant shall obey all city, county, state and federal laws, all current court orders, and shall conduct himself as a good citizen at all times;

9) That the Defendant shall not own, possess, or control any firearms, ammunition, deadly weapons, explosives, or destructive devices including but not limited to black powder weapons, black powder, or pyrodex;

10) That the defendant shall not possess or be in control of any scanners or other law enforcement monitoring devices while under the supervision of the Department of Corrections;

11) That the defendant shall not purchase, possess or consume any intoxicating beverages or enter any establishment where alcoholic beverages are the primary source of sale;

12) That the defendant shall submit to random blood, breath and/or urine screening tests for the presence of alcohol and/or drugs at the reasonable request of the Probation Officer without a Search Warrant;

13) That the defendant shall submit to a search of his person, residence and/or vehicle at the reasonable request of the Probation Officer without a Search Warrant;

14) That the defendant shall not gamble or frequent establishments featuring casino gambling;

15) That the defendant be screened for any and all community correction programs or facilities.

The reason for the amendment is that the sentence was clearly excessive under the circumstances.

Done in open Court this 2nd day of November, 2000.

DATED this 27th day of November, 2000.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson and Member, Hon. David Cybulski.